UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALE BLANCHARD                                        CIVIL ACTION

VERSUS                                                NO. 11-1762

BRYAN ADAMS, ETC., ET AL                              SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for partial dismissal pursuatn to Rule 12(b)(6) filed by Bryan Adams and Terrytown Fifth District Volunteer Fire Department, Inc.  Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The defendants present two arguments in this motion.  First, they argue that the plaintiff's claim under the Americans with Disabilities Act ("ADA") should be dismissed because no claim was filed with the EEOC.  The plaintiff concedes that he did not file a charge with regard to the ADA claim.  Rec. Doc. 12 at 3.  "[A]n employee must comply with the ADA's administrative pre-requisites prior to commencing an action in federal court against [an] employer for violation of the ADA."  *Dao v. Auchan*

*Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).   The plaintiff's ADA claim will be dismissed without prejudice.

Next, the defendants argue that the plaintiff does not adequately plead a § 1983 claim against the municipality for purposes of *Monell v. New York City of Social Services*, 436 U.S. 658 (1978).   The plaintiff responds that his pleadings are adequate because he alleges the following in his First Amended Complaint:

> As the chief of Terrytown Fire, Bryan Adams has almost limitless discretion in the manner in which he runs the department.  Chief Adams is checked only by the Board, which only occasionally reviews the Chief's personnel and management decisions when requested to do so by the Chief.  The official policy and procedure handbook is not normally given to employees.  Essentially, employees of Terrytown Fire understand that the policies are whatever Chief Adams says they are.

Rec. Doc. 12 at 4.  The Court construes this opposition as conceding that the municipality does not have an <u>official</u> policy or custom offensive to constitutional rights in place.  To that extent, the claim is subject to dismissal.  However, the plaintiff alleges that the Board fails to monitor Adams, hence defaulting to Adams to establish his own policies.  That claim is not subject to dismissal.

Accordingly,

IT IS ORDERED that the motion for partial dismissal pursuant to Rule 12(b)(6) filed by  Bryan Adams and Terrytown Fifth District Volunteer Fire Department, Inc. is

PARTIALLY GRANTED and PARTIALLY DENIED.  Rec. Doc. 10.   The ADA claim is DISMISSED without prejudice.  The *Monell* claim based on official Board policy is DISMISSED with prejudice, while the claim that through default Adams establishes his own policies survives.

New Orleans, Louisiana, this 1st day of September, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT